UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MITCHELL KENNEDY and MICHELLE KENNEDY, as mother and next friend of DYLAN KENNEDY, <br><br> Plaintiffs <br><br> vs. <br><br> TOWN OF BILLERICA, DANIEL C. ROSA, JR., Individually and as Chief of the Billerica Police Department, STEVEN ELMORE, ROBERT T. MORAN, JR., JEFFREY C. STRUNK, GLEN MAGNAN, and JOHN DOE, <br><br> Defendants | \* <br> \* <br> \* <br> \* <br> \* <br> \* C.A. NO. 10-CV-11457-GAO <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

This is an action against officers of the Town of Billerica police department, its Chief of Police and several Billerica police officers for civil rights and other violations of law, causing loss and damage to the plaintiffs, Mitchell Kennedy and Dylan Kennedy arising out of an incident that took place on September 7, 2007 at the Wendy's restaurant in Billerica, Massachusetts.  Defendants, Chief of Police, Daniel Rosa ("Rosa"), Billerica Police Sergeant Steven Elmore ("Elmore"), Billerica Police Officers Robert T. Moran, Jr. ("Moran"), Jeffrey C. Strunk ("Strunk"), Glenn Magnan ("Magnan"), and several other unidentified officers from the Billerica Police Department, who are hereinafter collectively referred to as John Doe ("Doe") (collectively referred to as the "Individual Defendants"), violated the plaintiffs' state and federal civil rights by arresting the plaintiffs without probable cause, by fabricating evidence and then using that fabricated evidence in maliciously prosecuting the plaintiffs and by otherwise tortuously injuring the plaintiffs, in retaliation for the plaintiffs obtaining a verdict against the Town of Billerica and several of its police officers in an earlier civil rights suit.

The claims against the Town of Billerica and their Chief of Police (collectively referred to as the "Municipal Defendants") arise from their negligence in failing to adequately train, supervise and discipline the Individual Defendants named herein, who at the relevant times hereto were members of Town of Billerica Police Department. The negligence of the Municipal Defendants caused the plaintiffs to suffer the injuries inflicted by the Individual Defendants. In addition the claims against the Municipal Defendants arise from the environment created by Chief Rosa and other supervisory officers within the Billerica Police Department as a result of their deliberate indifference and willful blindness towards the rights of individual citizens, in particular the plaintiffs. This caused the Individual Defendants to believe that the Town of Billerica and its Chief of Police tolerated, indeed condoned, misuse of authority by its police officers and resulted in the Individual Defendants violating the plaintiffs' civil rights.

## JURISDICTION

This action is brought pursuant to 42 U.S.C. § 1983, 1985 and 1988 in accordance with the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 as well as the aforementioned statutory provisions. Plaintiffs invoke the pendant jurisdiction of this court to hear and to decide claims arising under M.G. L. Ch. 12 § 11, M. G. L. Ch. 258 § 4 and the decisional law of the Commonwealth of Massachusetts.

## PARTIES

1. The plaintiff, Mitchell Kennedy, is a citizen of the United States of America and a resident of the Commonwealth of Massachusetts.

2. The plaintiff, Dylan Kennedy, is a minor and is a citizen of the United States of America and a resident of the Commonwealth of Massachusetts. His claim is brought by his mother, Michelle Kennedy, as his mother and best friend.

3. The Defendant Town of Billerica is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts and is or was at the times relevant to the claims brought in this Complaint the employer of the Individual Defendants.

4. The Defendant, Daniel Rosa, at the times relevant to the claims brought in this Complaint was the duly appointed Chief of Police of the Town of Billerica Police Department acting under color of law and is named in both his individual and official capacity.

5. The Defendant, Steven Elmore, at the times relevant hereto was a duly appointed Sergeant of the Billerica Police Department and is named in his individual and official capacities.

6. The Defendant, Robert T. Moran, Jr., at various times relevant hereto was a duly appointed and acting officer of the Billerica Police Department and is named in his individual and official capacities.

7. The Defendant, Jeffrey C. Strunk, at various times relevant hereto was a duly appointed and acting officer of the Billerica Police Department and is named in his individual and official capacities.

8. The Defendant, Glen Magnan, at various times relevant hereto was a duly appointed and acting officer of the Billerica Police Department and is named in his individual and official capacities.

9. The defendant, William MacDonald, at various times relevant hereto was a duly appointed and acting officer of the Billerica Police Department and is named in his individual and official capacities.

10. The Defendant, John Doe, at various times relevant hereto was a duly appointed and acting officer of the Billerica Police Department and is named in his individual and official capacities.

STATEMENT OF FACTS

11. In April, 2007, Mitchell and Dylan Kennedy were successful in obtaining substantial jury verdicts in the United States District Court for the District of Massachusetts against the Town of Billerica and several members of its police department. The jury specifically found that the Town of Billerica failed to properly discipline or supervise its officers in a manner that was deliberately indifferent to the plaintiffs' civil rights which caused Mitchell Kennedy's civil rights to be violated.

12. On September 7, 2007, approximately three months after the jury verdict and several weeks before the start of a second trial involving additional claims by the plaintiffs' mother and brother against the Town of Billerica and members of its police department, Mitchell and Dylan Kennedy were present with approximately one hundred other students outside the Wendy's Restaurant in Billerica, following a high school football game. A fight broke out between two individuals wholly unrelated to the Kennedy boys. The police, some of whom were already present at Wendy's, chased after the two combatants.

13. After losing chase to one of the combatants, Officer Moran returned to the crowd and immediately confronted Mitchell Kennedy and demanded: "Do you have anything to f---ing say?"

14. Unaware that Moran was a police officer, as he was dressed in street clothes with no credentials displayed, Mitchell turned to walk away.

15. Moran then grabbed Mitchell by the shirt.

16. The two were separated by a group of students who, also not knowing that Moran was a police officer, stepped in between Mitchell and Moran.

17. Moran next tackled Mitchell from behind, knocking him to the ground, and continued to assault and batter him.

18. MacDonald joined Moran in the assault and battery on Mitchell.

19. Moran then yelled to another plain clothes police officer, later learned to be Officer Jeffrey C. Strunk: "Get the other Kennedy and his friend".

20. Strunk then tackled Dylan, knocking him to the ground and continued to assault and batter him.

21. Magnan stood guard as Strunk continued to assault and batter Dylan and then assisted Strunk in completing the arrest of Dylan.

22. Mitchell and Dylan Kennedy were both handcuffed and taken to police cars. As Mitchell was being forced into the police car one of the police officers grabbed his head and smashed it into the vehicle.

23. Both Mitchell and Dylan were criminally charged and prosecuted following their arrests and imprisonment that evening.

24. As a result of this incident, Mitchell and Dylan Kennedy have suffered physical injuries, severe emotional distress and loss of their liberty.

25. Ultimately all charges brought against Mitchell Kennedy were dismissed and although Dylan was found guilty of assault and resisting arrest there is pending a motion for a new trial and an appeal of this verdict.

26. This incident was the result of a deliberate and willful conspiracy by the Individual Defendants to violate Mitchell and Dylan Kennedys' constitutional rights. These rights include the right to be free from unlawful search and seizure, the right not to be punished except by due process of law, the right to liberty, the right not to be falsely prosecuted and not to have false evidence fabricated and used against them, the right to freedom of association, the right to be secure in one's person and free from excessive force, the right to freedom of speech and freedom of association and the right to petition and to access to the courts to seek redress for greivances.

27. Plaintiffs have been damaged severely and continue to suffer damages, monetary and otherwise, as a direct and proximate result of the tortuous and constitutionally violative conduct of the defendants, who while acting in concert conspired to deprive plaintiffs of their constitutionally guaranteed rights as Americans and citizens of the Commonwealth of Massachusetts.

STATEMENT OF CLAIMS

COUNT I

(Plaintiffs v. Municipal Defendants for Violation of 42 U.S.C. 1983)

28. Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 27 above.

29.	Plaintiffs were deprived of their civil rights as secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as a result of the customs and practices of the Town of Billerica and its Police Chief Rosa and other supervisory officers, who were willfully and deliberately indifferent towards the rights of individual citizens, in particular Mitchell and Dylan Kennedy and other members of the Kennedy family, and also as a result of the gross negligence of the Town of Billerica and its Police Chief Rosa and other supervisory officers in failing to properly hire, train and supervise the Individual Defendants.

30.	The plaintiffs were damaged as a direct and proximate result of these customs and practices of the Town of Billerica and its supervisory officers, including but not limited to its Police Chief Rosa and the gross negligence of the Town of Billerica and its supervisory officers, including but not limited to its Police Chief Rosa, as already determined by the Jury in _Brian Kennedy et al v. Town of Billerica et al_, District Court for the District of Massachusetts, C.A. No. 04-CV-12357-PBS.

31.	Specifically, the municipal defendants, including defendants Rosa and Elmore, for personal and vindictive reasons, not only tolerated and condoned the false arrest, fabrication of evidence, suppression and intimidation of witnesses and malicious prosecution of the defendants, but sanctioned and encouraged such conduct, knowing that it was unconstitutional.  This was a willful and reckless disregard for the constitutional rights of the plaintiffs.

## COUNT II

(Plaintiffs v. Municipal Defendants for Negligence)

32.	Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 31 above.

33. Defendants Town of Billerica and Chief Rosa owed the plaintiffs a duty to exercise reasonable care in hiring, training and supervising its police officers.

34. Defendants Town of Billerica and Chief Rosa breached their duty by failing to properly hire, train and supervise the Individual Defendants.

35. As a direct and proximate result of the negligence of the Defendant Town of Billerica and Chief Rosa, the plaintiffs have suffered damages.

## COUNT III

(Plaintiffs v. Individual Defendants for Violation of 42 U.S.C. 1983
and Conspiracy to Violate Civil Rights)

36. Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 35 above.

37. By assaulting and falsely arresting the plaintiffs, by fabricating evidence against them in order to maliciously prosecute them upon false charges for which there was no probable cause and otherwise for engaging in the conduct described above, the Individual Defendants, acting in concert with each other, conspired and thereby violated the plaintiffs' civil rights, particularly but not limited to those rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendment to the United States Constitution.

38. As a direct and proximate result of the conspiracy engaged in by the Individual Defendants to violate the plaintiffs' civil rights the plaintiffs have suffered damages.

## COUNT IV

(Plaintiffs v. Individual Defendants for Violation of 42 U.S.C.A 1983)

39. Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 38 above.

40.     By assaulting and falsely arresting the plaintiffs, by fabricating evidence against them in order to maliciously prosecute them upon false charges for which there was no probable cause and otherwise for engaging in the conduct described above, the Individual Defendants violated the plaintiffs' civil rights as secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

41.     As a direct and proximate result of the Individual Defendants' conduct in violating the plaintiffs' civil rights the plaintiffs have suffered damages.

## COUNT V

(Plaintiffs v. Individual Defendants for Violation of M.G.L. ch. 12 § 11H-I)

42.     Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 41 above.

43.     By assaulting and falsely arresting the plaintiffs, by fabricating evidence against them in order to maliciously prosecute them upon false charges for which there was no probable cause and otherwise for engaging in the conduct described above the Individual Defendants, acting singly and in concert with each other, interfered by means of threats, intimidation, and/or coercion with plaintiffs' exercise and enjoyment of their civil rights as guaranteed by Article I of the Massachusetts Declaration of Rights and the First, Fourth, Fifth, and Fourteenth Amendment to the United States Constitution and thereby violated M.G.L. ch. 12 § 11I.

44.     As a direct and proximate result of the Individual Defendants' conduct in violating the plaintiffs' exercise and enjoyment of their civil rights the plaintiffs have suffered damages.

## COUNT VI

(Plaintiffs v. Individual Defendants for Intentional Infliction of Emotional Distress)

45. Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 44 above.

46. The Individual Defendants knew or should have known that their actions as more specifically set forth above would likely result in the plaintiffs suffering emotional distress.

47. The Individual Defendants' actions were intentional, reckless, extreme, outrageous, beyond all bounds of decency, and utterly intolerable in a civilized community.

48. As a direct and proximate result of the Individual Defendants' conduct the plaintiffs suffered severe emotional distress of such a nature that no reasonable person could be expected to endure it.

## COUNT VII

(Mitchell Kennedy v. Moran, MacDonald and Doe for Assault)

49. Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 48 above.

50. On or about September 7, 2007 Defendants Moran, MacDonald and Doe without right or privilege, intentionally assaulted the plaintiff, Mitchell Kennedy and/or failed to intervene to prevent the unlawful assault on Mitchell Kennedy by members of the Billerica Police Department.

51. As a direct and proximate result of the assault the plaintiff, Mitchell Kennedy, suffered damages.

## COUNT VIII

(Mitchell Kennedy v. Moran and MacDonald for False Arrest and False Imprisonment)

52. Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 51 above.

53. On or about September 7, 2007, Mitchell Kennedy was unlawfully and intentionally confined against his will, without right or privilege, as the direct result of the conduct of the Defendants, Moran and MacDonald.

54. As a direct and proximate result of the acts described above, the plaintiff, Mitchell Kennedy was falsely imprisoned, deprived of his liberty, and was damaged otherwise, as well.

## COUNT IX

(Mitchell Kennedy v. the Individual Defendants for Malicious Prosecution)

55. Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 54 above.

56. The Individual Defendants, individually and in concert, signed criminal complaints or otherwise participated in the prosecution of Mitchell Kennedy in the criminal action brought against him as described above, and they did so without probable cause and with malice.

57. As a direct and proximate result of these acts, the plaintiff, Mitchell Kennedy suffered emotional distress, humiliation, loss of liberty, monetary damages and other damages.

## COUNT X

(Dylan Kennedy v. Strunk, Magnan and Doe for Assault)

58. Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 57 above.

59.     On or about September 7, 2007, Defendants Strunk, Magnan and Doe without right or privilege, intentionally assaulted the plaintiff, Dylan Kennedy and/or failed to intervene to prevent the unlawful assault on Dylan Kennedy by members of the Billerica Police Department.

60.     As a direct and proximate result of the assaults the plaintiff, Dylan Kennedy, suffered damages.

## COUNT XI

(Dylan Kennedy v. Strunk and Magnan for False Imprisonment and False Arrest)

61.    Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 60 above.

62.    On or about September 7, 2007, Dylan Kennedy was unlawfully and intentionally confined against his will, without right or privilege, as a direct result of the conduct of the Defendants, Strunk and Magnan.

63.     As a direct and proximate result of the acts described above, the plaintiff, Dylan Kennedy was falsely imprisoned, deprived of his liberty, and therefore, was damaged.

## COUNT XII

(Dylan Kennedy v. Individual Defendants for Malicious Prosecution)

64.     Plaintiffs reallege and incorporate as if fully set forth herein paragraphs 1 through 63 above.

65     The Individual Defendants, individually and in concert, signed criminal complaints or otherwise participated in the prosecution of Mitchell Kennedy in the criminal action brought against him as described above, and they did so without probable cause and with malice.

66. As a direct and proximate result of these acts, the plaintiff, Dylan Kennedy suffered emotional distress, humiliation, loss of liberty, monetary damages and other damages.

WHEREFORE, PLAINTIFFS MITCHELL AND DYLAN KENNEDY PRAY FOR JUDGMENT ON EACH OF THE COUNTS IN THEIR FAVOR IN SUCH AMOUNTS AS THIS COURT MAY DETERMINE FAIR AND JUST AND PLAINTIFFS MITCHELL AND DYLAN KENNEDY FURTHER PRAY THAT THEY BE AWARDED THEIR COSTS, INCLUDING REASONABLE ATTORNEYS FEES AND THAT THEY BE AWARDED PUNITIVE DAMAGES BASED UPON THE DEFENDANT' KNOWINGLY DELIBERATE AND OUTRAGEOUS CONDUCT IN RECKLESS DISREGARD FOR THE CIVIL RIGHTS OF THE PLAINTIFFS.

**PLAINTIFFS HEREBY INVOKE THEIR RIGHT TO TRIAL BY JURY**

        Respectfully submitted,

        Mitchell Kennedy and
        Michelle Kennedy, as mother and next
        friend of Dylan Kennedy
        by their counsel,

Date:   December 17, 2010

/s/ Frederick V. Gilgun
Frederick V. Gilgun, Jr.
NICHOLSON, SRETER & GILGUN, P.C.
BBO# 551477
33 Bedford Street, Suite 4
Lexington, MA  02420
(781) 861-9160
fgilgun@nsglawyers.com

Date:   December 17, 2010

/s/ Andrew M. Fischer
Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904
afischer@jasonandfischer.com\