UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-CV-11457-GAO

_____
MITCHELL KENNEDY and                    )
MICHELLE KENNEDY, as mother             )
And next fried of DYLAN KENNEDY         )
    Plaintiffs,                         )
                                        )
Vs.                                     )
                                        )
TOWN OF BILLERICA, DANIEL C.            )
ROSA, JR., Individually and as Chief of )
the Billerica Police Department,        )
STEVEN ELMORE, ROBERT T.                )
MORAN, JR., JEFFREY C. STRUNK,          )
GLEN MAGNAN, WILLIAM                    )
MACDONALD, and JOHN DOE                 )
    Defendants.                         )
_____)

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH

The defendants submit this memorandum after having had an opportunity to review the plaintiffs' opposition to the defendants' Motion to Quash Deposition.

First, the defendants point out to this Court that the plaintiffs, who are represented by two seasoned counsel, have cited no applicable rule to support their strange concept that a party can simply disregard a discovery deadline and schedule an out-of-state deposition without contacting the other party and obtaining approval from this Court.  The rule cited by the plaintiffs, 30(a)(2)(A)(iii), applies to depositions to be taken before the Rule 26 conference and to witnesses who are leaving the United States.  It has no application here.

Second, the plaintiffs have listed seventy-three (73) witnesses who they claim had witnessed the incident that is the subject matter of this lawsuit. This

particular witness is simply one of the multitudes.  Counsels' suggestion that this witness is so essential that this unapproved deposition is critical is not to be believed.

Finally, the plaintiffs' counsel issued an improper subpoena to the witness. Rule 45 clearly states that a subpoena must be issued "from the district where the deposition is to be taken" FRCP 45 (2)(B).  In this case, the plaintiffs' counsel issued the deposition subpoena using the instant case in the Eastern District of Massachusetts, thus the subpoena is invalid.

This Court should allow the defendants' Motion to Quash and assess sanctions against the plaintiffs' counsel.

<div style="margin-left: 40%;">
Respectfully submitted,<br>
DEFENDANTS,<br>
By their attorneys,<br><br>
/s/ Leonard H. Kesten<br>
Leonard H. Kesten, BBO #542042<br>
BRODY, HARDOON, PERKINS & KESTEN, LLP<br>
One Exeter Plaza<br>
Boston, MA 02116<br>
617- 880-7100<br>
lkesten@bhpklaw.com
</div>

DATED:  July 16, 2013

## CERTIFICATE OF SERVICE

I, Leonard H. Kesten, of the law firm of Brody, Hardoon, Perkins & Kesten, LLP, do hereby certify that on July 16, 2013, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which would then notify all CM/ECF participants in this case.

<div style="margin-left: 40%;">
/s/ Leonard H. Kesten<br>
Leonard H. Kesten, BBO #542042
</div>

DATED: July 16, 2013