UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MITCHELL KENNEDY and MICHELLE KENNEDY, as mother and next friend of DYLAN KENNEDY, | \* \* \* \* |
| Plaintiffs | \* |
| vs. | \* |
| | \* C.A. NO. 10-11457-GAO |
| TOWN OF BILLERICA, DANIEL C. ROSA, JR., Individually and as Chief of the Billerica Police Department, STEVEN ELMORE, ROBERT T. MORAN, JR., JEFFREY C. STRUNK, GLEN MAGNAN, and JOHN DOE, | \* \* \* \* \* \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION TO QUASH

Now come the plaintiffs and move this Honorable Court reconsider its allowance of the defendants' motion to quash the subpoena to videotape and preserve the testimony of Harold "Teddy" Gannon, a percipient witness to the incident that gives rise to the case.

As reason, plaintiffs state that the defendants' Motion [ECF document #55] and Supplemental Memorandum [ECF document #58], upon which the Court appears to have relied , are misleading and filled with inaccuracies.

**I. Plaintiff is entitled to take a deposition to preserve testimony of an unavailable witness**

First, the defendants claim that the plaintiffs are disregarding the discovery deadline. However, the plaintiffs are not taking Mr. Gannon's deposition as a discovery deposition. The plaintiffs know what his testimony will be [see Gannon Witness Statement, Exhibits 1 and 2, hereto], but, given the recent discovery that Mr. Gannon is now in the United States Army and stationed in Fort Lee Virginia, the plaintiffs seek to record and preserve Mr. Gannon's testimony, given his unavailability for trial, scheduled to commence July 29, 2013.

Plaintiffs' counsel understand this as proper practice and procedure, with no leave of Court required. While the Federal Rules of Civil Procedure make no distinction between depositions taken for discovery and depositions taken for trial purposes, many courts have recognized such a distinction and held that the latter (i.e., *de bene esse* depositions, "preservation depositions," or "trial depositions") may be taken after the close of discovery.

See, e.g., *Charles v. Wade*, 665 F2d 661, 664 (5th Cir. 1982) ("Although the discovery period had indeed closed . . . the requested deposition would not have been taken for purposes of discovery, but as the testimony of a witness unavailable for trial."); *Chrysler Int'l Corp. v. Chemaly*, 280 F. 3d 1358, 1362 (11th Cir. 2002) ("In allowing or disallowing a deposition to be taken for use at trial ... the district court can make that time limit the same as the time limit for discovery depositions."); *RLS Assoc., LLC v. United Bank of Kuwait PLC*, 2005 WL 578917, at 6-8 (S.D.N.Y. Mar. 11, 2005)

On this basis, both the plaintiff, represented by undersigned counsel, and defendant have scheduled such depositions in a current case before Judge Stearns, *Biesecker v Levine*, 12-CV-10093-RGS, without prior approval or notice to the Court, which only became involved in one of these depositions after the witness failed to appear. Nonetheless, although no notice was required, plaintiffs did give the Court notice, as a courtesy. [See ECF Document #54]

Second, defendants' condescending dismissal of the plaintiff's reference to F.R.C.P., Rule 30(a)(2)(A)(iii), indicates a misunderstanding of the reference to Rule 30. Rule 30(a)(2)(A) specifies the situations in which leave of Court is required before a party may notice a deposition. This comes after the first sentence of the rule, Rule 30(a)(1) that states "[a] party may . . . depose any person . . . without leave of Court", except for the three exceptions listed in

subsection (2).  As a pre-trial motion to preserve testimony of an unavailable witness is not listed under Rule 30(a)(2)(A)(iii), thus, according to Rule 30, a party need not seek leave of Court to notice and take a deposition to preserve.

Nor is Rule 27 helpful.  Despite its title "Depositions to Perpetuate testimony", it does not address the present situation.  Rule 27(a) addresses depositions before an action is filed, subsection (b) addresses depositions pending appeal and the third subsection, ( c) allows district courts to entertain separate actions brought to preserve.

Thus while *de bene esse* depositions are not listed in the Federal Rules of Civil Procedure, they are understood by courts to mean depositions that will be used to preserve testimony for trial rather than to discover new information. [See *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D. Colo. 2001) ("[I]f a party can present the testimony of a witness only by means of a deposition, the taking of that deposition would be for a different purpose than the taking of a discovery deposition."), citing *Charles v. Wade*, supra]   *de bene esse* depositions are sometimes referred to as "preservation depositions" or "trial depositions."

**II. Where the deposition is essential to plaintiffs' case, it would be an abuse of discretion not to allow it.**

Defendants mislead the Court when they state that the plaintiffs "have listed seventy-three (73) witnesses who they claim had witnessed the incident".  To start, the 73 witnesses include the parties, the defendants, other police officers and family members of the plaintiffs who arrived on the scene after the underlying incident.  Of the remaining witnesses, some were there but did not see the incident in question.  Others are reluctant to come forward for fear of retribution from the defendants. [see Statement of Edward Blais, Exhibit 3, hereto, who stated that the Kennedy boys had done nothing, that the defendants' actions were unprovoked and that

when the Kennedy boys tried to walk away "out of nowhere" a police officer jumped on top of both of them, but that testifying against the Billerica Police Department "would not be in his best interest" and, if subpoenaed he would say that he did not see anything.] Plaintiffs' counsel have weighed the credibility, the strength of the testimony and other factors of other witnesses and find Mr. Gannon to be one of the plaintiffs' strongest witnesses.

Plaintiffs are entitled to select the witnesses they deem to be the strongest witnesses to present their case, and have a right to Mr. Gannon's testimony.

### III.  The Subpoena is a proper subpoena

Defendants' claim that the subpoena is "improper" is incorrect and apparently based on erroneous speculation.  Defendants claim that the defect is that the subpoena should have issued "from the district from where the deposition is to take place".   In fact subpoena did issue "from the district from where the deposition is to take place", the Eastern District of Virginia [see deposition subpoena, Exhibit 4, hereto], noting that the action was pending in the District of Massachusetts, in full compliance with F.R.C.P., Rule 45 (2)(B).

Plaintiff pointed this out to defense counsel, asking defense counsel to correct his misstatement to the Court [Exhibit 5] but received only an insult in response.

In any event, the witness is not challenging the subpoena and is willing to appear, so the validity of the subpoena is not an issue.

### IV.  Accommodation to defense counsel

Plaintiffs have offered to arrange for defense counsel to attend the deposition telephonically or by Skype, if defense counsel is unwilling or unable to appear in person, given the distance.

**CONCLUSION**

As set forth herein, the plaintiffs have a right to call witnesses on their behalf and, where necessary, are entitled to a *de bene esse*, or "preservation deposition", where Harold "Teddy" Gannon is, in their determination, a vital witness. Accordingly, the plaintiffs respectfully request this Court reconsider its granting of the defendants' motion to quash and issue an order permitting the plaintiffs to proceed with the deposition of Mr. Gannon on Monday, July 22, 2013, at 2:00 p.m., when he will be available.

                                             Respectfully submitted,
                                             Plaintiffs, by counsel,

Date:   July 17, 2013                 /s/ Andrew M. Fischer
                                             Andrew M. Fischer
                                             BB0# 167040
                                             JASON & FISCHER
                                             47 Winter Street
                                             Boston, MA 02108
                                             (617) 423-7904
                                             afischer@jasonandfischer.com

Kennedy\Wendys/mtnlimine.welfare