UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-CV-11457-GAO

| | |
|---|---|
| MITCHELL KENNEDY and <br> MICHELLE KENNEDY, as mother <br> And next fried of DYLAN KENNEDY <br>     Plaintiffs, <br> <br> Vs. <br> <br> TOWN OF BILLERICA, DANIEL C. <br> ROSA, JR., Individually and as Chief of <br> the Billerica Police Department, <br> STEVEN ELMORE, ROBERT T. <br> MORAN, JR., JEFFREY C. STRUNK, <br> GLEN MAGNAN, WILLIAM <br> MACDONALD, and JOHN DOE <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION FOR DIRECTED VERDICT**

The defendants hereby move for a directed verdict in their favor.  In support thereof, they state as follows:

**I.    Counts of Mitchell Kennedy v. Individual Defendants for Malicious Prosecution (Count IX) and Mitchell Kennedy v. Moran and MacDonald for False Arrest and False Imprisonment (Count VIII)**

Mitchell Kennedy's claims for Malicious Prosecution (Count XII) and False Imprisonment and False Arrest (Count XI) cannot proceed to the jury in light of Mitchell Kennedy's agreement to accept pretrial diversion and pretrial probation in his criminal matter followed by a Nolle Prosequi after successful completion of the probation.   Given this disposition of his criminal charges, Mitchell Kennedy cannot establish that the charges were dismissed because of his innocence or the Commonwealth's lack of reasonable grounds for the prosecution.  See Jones v. City of Boston, 135 F. App'x 439 (1st Cir. 2005); Wynne v. Rosen, 391 Mass. 797, 800-01, 464 N.E.2d 1348 (1984) (defining the

1

circumstances when a state dismissal of charges constitutes a favorable termination). In Jones, the First Circuit held that a dismissal of charges after completion of a period of pretrial probation under Mass. Gen. Laws c. 276, § 87 indicated that the dismissal was a compromise solution in which neither party conceded guilt or innocence.  See Commonwealth v. Tim T., 437 Mass. 592, 596, 773 N.E.2d 968 (2002) (describing the implications of pretrial probation when used as a prelude to dismissal).  The Court held that disposition of this kind is not "favorable." The same holds true with regard to the disposition of Mitchell's criminal charges here.  See Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir.1994) (Fifth Circuit reasoned that "entering a pre-trial diversion agreement does not terminate the criminal action in favor of the criminal defendant."); Wynne v. Rosen, 391 Mass. 797, 801, 464 N.E.2d 1348 (1984) (dismissal based on the parties' compromise bars a malicious prosecution claim).

Mitchell Kennedy thus cannot argue that any defendant commenced the underlying criminal action against him without probable cause and with malice, and that the criminal action terminated in his favor.  The defendants are entitled to a directed verdict in their favor on the counts for malicious prosecution and false arrest and false imprisonment.

II.     **Count of Plaintiffs v. Individual Defendants for Intentional Infliction of Emotional Distress (Count VI)**

Defendants are also entitled to a directed verdict on the plaintiffs' claim for intentional infliction of emotional distress (Count VI).  They have not established the required elements for this claim: that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; that the defendant's conduct was extreme and outrageous; (3) that the

defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress.  Sena v. Commonwealth, 417 Mass. 250, 263 – 264 (1994).  There is no evidence that any defendant caused any plaintiff any emotional distress by conduct that was extreme and outrageous.  Also, there is no evidence they suffered "severe" emotional distress, which requires more a showing of emotional responses like anger, sadness, anxiety and distress.  Kennedy v. Billerica, 617 F.3d 520, 530-31 (1st Cir. 2010).  The harm that they allege in their testimony – that their arrests caused them upset – is not sufficiently severe.  Id.  Massachusetts cases are demanding. See Bailey v. Shriberg, 31 Mass.App.Ct. 277, 576 N.E.2d 1377, 1379 (1991) (finding no "severe" emotional distress, even for susceptible plaintiffs, where the allegations merely involved being upset as a result of defendants' conduct).  The harms alleged here-are little different from the harms Massachusetts courts have deemed insufficiently severe.  See Kennedy v. Billerica, supra.

Further, Dylan Kennedy's contention that he suffered distress from observing the arrest of his brother Mitchell Kennedy fails.  He cannot recover for observing conduct aimed at another person and not at him.  In Nancy P. v. D'Amato, 401 Mass. 516, 521 (1988), the Supreme Judicial Court wrote,

> "The focus of our cases, and of cases elsewhere, dealing with intentional infliction of emotional distress has <u>been on the emotional distress of a person against whom the extreme and outrageous conduct has been directed</u>."

Id. (emphasis added).

Defendants are entitled to a directed verdict in their favor on the count for intentional infliction of emotional distress.

**III.     Plaintiffs v. Individual Defendants for Violation of § 1983 and Conspiracy to Violate Civil Rights (Count III), Plaintiffs v. Individual Defendants for Violation of § 1983 (Count IV) and Plaintiffs v. Individual Defendants for Violations of MGL c. 12, §§ 11H-I (Count V)**

Counts III, IV, and V rest on plaintiffs' allegation that "by assaulting and falsely arresting the plaintiffs, by fabricating evidence against them in order to maliciously prosecute them upon charges" the defendants acted to deprive the plaintiffs of their civil rights. Given that neither plaintiff can establish his claim for false arrest or malicious prosecution – the required underpinning for these claims – the defendants are entitled to a directed verdict on these counts.

Also, in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, absence of some other bar to the suit.

Id. at 486–487, 114 S.Ct. at 2372–2373. This doctrine has been held applicable to pretrial programs such as pretrial diversion agreements, accelerated rehabilitation disposition programs, deferred adjudication orders, and pretrial intervention programs, wherein charges are dismissed only after the criminal defendant successfully completes a probationary period. In Taylor v. Gregg, 36

*F*.3d 453, 455–57 (5th Cir.1994) (en banc), *overruled on other grounds, Castellano v. Fragozo,* 352 *F*.3d 939, 949 (5th Cir.2003), the Fifth Circuit held that the plaintiffs' false arrest and malicious prosecution claims were legally barred in light of their participation in a federal pre-trial diversion program. See also DeLeon v. City of Corpus Christi, 488 *F*.3d 649, 656 (5th Cir.2007) (concluding a plea of guilty, followed by a pending "deferred adjudication" that would ultimately lead to dismissal of the criminal charges, was nevertheless "a conviction for the purposes of *Heck's* favorable termination rule."). In Roesch v. Otarola, 980 *F*.2d 850, 852 (2d Cir.1992), a case decided before Heck, the Second Circuit held that "a [§ ] 1983 claim sounding in malicious prosecution, false arrest, or unjust imprisonment ... [was legally barred by] a disposition pursuant to Connecticut's accelerated pretrial rehabilitation statute...." The same is true here.

## Conclusion

In light of the foregoing, the defendants respectfully request that this Honorable Court direct a verdict in their favor.

    Respectfully Submitted,
    Defendants,
    /s/ *Leonard Kesten*

    Leonard Kesten, BBO No. 542042
    Jeremy Silverfine, BBO No. 542779
    BRODY, HARDOON, PERKINS & KESTEN, LLP
    One Exeter Plaza
    Boston, MA 02116
    617-880-7100
    lkesten@bhpklaw.com
    jsilverfine@bhpklaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

                              /s/ *Leonard H. Kesten*
Dated: August 7, 2013      Leonard H. Kesten, BBO #542042