UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
**************************************************
MITCHELL KENNEDY and MICHELLE          *
 KENNEDY, as mother and next friend    *
of DYLAN KENNEDY,                      *
                                       *
            Plaintiffs                 *
vs.                                    *
                                       * C.A. NO. 10-11457-GAO
TOWN OF BILLERICA, DANIEL C. ROSA, JR.,*
Individually and as Chief of the Billerica Police *
Department, STEVEN ELMORE,             *
ROBERT T. MORAN, JR., JEFFREY C. STRUNK,*
GLEN MAGNAN, and JOHN DOE,             *
                                       *
            Defendants                 *
**************************************************
```

## PLAINTIFFS' OPPOSITION
## TO DEFENDANTS' MOTION FOR DIRECT VERDICT

**I. In _Wynne v. Rosen_, the Supreme Judicial Court expanded the circumstances in which a plaintiff can bring a claim for malicious prosecution to include dismissal of the charges and other adjudications other than not guilty**.

Contrary to the defendants' claim, in _Wynne v. Rosen_, 391 Mass. 797, 464 NE2d 1348 (1984), the Supreme Judicial Court did not bar a claim for malicious prosecution where the adjudication of the underlying criminal case was a dismissal. To the contrary, the Court expanded the right to bring a claim for malicious prosecution to include adjudications other than a finding after a trial of not guilty. As the Court wrote,

> In light of the overwhelming support for this position, we have decided to abandon the rule laid down in _Bacon_ [that required an adjudication of not guilty] and its offspring. We now hold that a criminal prosecution is terminated in favor of the plaintiff when the district attorney formally abandons the criminal proceedings by a nolle prosequi or a motion to dismiss, as in this case. [_Wynne v. Rosen_, ibid, at 800, 1351]

Thus Massachusetts law is clear that a dismissal of a criminal charge does not, as the defendants claim, bar a subsequent civil claim for malicious prosecution.

As the First Circuit explained, in *Britton v. Maloney*,196 F.3d 24C.A.1, at 31 (1999), citing the same language from *Loeb v. Teitelbaum* that the Supreme Judicial Court cites in *Wynne v. Rosen*,

> In adopting the position taken by virtually every other jurisdiction to have addressed the issue, the court concluded that a criminal defendant should not have to risk a trial on the merits simply to preserve his ability to sue for malicious prosecution later. See id. at 1352; see also *Loeb v. Teitelbaum*, 77 A.D.2d 92, 432 N.Y.S.2d 487, 494 (App.Div.1980) ("[T]he societal interest [against malicious prosecution claims] cannot extend so far as to compel individuals charged with criminal offenses—and who may desire civil retribution—to resist dismissal of the charges against them in the face of the prosecutor's failure to prosecute and the court's desire to dismiss the complaints."), modified on other grounds, 80 A.D.2d 838, 439 N.Y.S.2d 300 (1981), quoted in *Wynne*, 464 N.E.2d at 1352.

In deference to the Court's concern that malicious prosecution claims not be used to "deter the public's willingness to bring good faith criminal complaints", [ibid 802, 1352] the Court requires that a plaintiff show the lack of probable cause for, and that the mere fact of a dismissal does not, in and of itself, relieve the plaintiff of that burden.

The defendants misapply the specific holding in *Jones v. City of Boston*, an unreported case found at 135 Fed.Appx. 439 (2005), to a broad principle of law. *Jones v. City of Boston* was decided upon a 12(b)(6) Motion to Dismiss, upon the four corners of the complaint, a complaint that pled "only conclusory allegation on the favorable termination question". The complaint was dismissed because it did not "allege facts that would permit an inference . . . of [the plaintiff's] innocence."

Both the procedural and factual posture of this case is quite different. Here, after seven (7) days of trial, there is ample evidence upon which the jury could find that Mitchell Kennedy was innocent of all charges brought against him and that the defendants lacked any probable cause to charge him with any crime at all. Additionally, the evidence that the plaintiffs sought an investigation by the district attorney's office of the wrongdoing of the defendants now the

subject of this case suggests Mitchell Kenned y's innocence. This, and the pending Motions to Dismiss at the time of the pre-trial diversion, would allow a strong presumption, contrary to the presumption in *Jones v. City of Boston*, that the agreement of pre-trial probation between Mitchell Kennedy and the District Attorney did not "suggest" a compromise, as the First Circuit inferred from the minimal pleading in *Jones v. City of Boston*.

During the trial in this case, the plaintiffs sought to offer further evidence that the basis of the dismissal was not a compromise but the realization by the district attorney, after an extensive investigation, was that prosecution against Mitchell Kennedy was futile. However, the Court did not allow the plaintiffs to offer testimony from John Guilfoyle or Jay Groob regarding the results of their investigation, and discussion and negotiations surrounding the investigation of the incident, an investigation requested by the plaintiffs, seeking to expose the wrongdoings of the defendants. These circumstances suggest that pre-trial probation was a face-saving measure for the district attorney rather than a compromise by the plaintiff.

The defendants are over-reaching when they suggest that the language in *Jones v. City of Boston* applies to anything more than the four corner of that case, let alone the situation in this case. The *Jones* decision nowhere makes any holding that pre-trial diversion, as a matter of law, is not a "favorable" adjudication, as the defendants claim at page 2. The First Circuit in *Jones v. City of Boston* only applies the test imposed by the Supreme Judicial Court when it expanded what constituted a "favorable" outcome of the underlying criminal case to include a dismissal, and found that the pre-trial diversion did not "suggest" a favorable adjudication as pled by plaintiff Jones.

The test is whether the adjudication is based upon "facts that would permit an inference that the charges were dismissed because of his innocence." While the bare bones complaint in

*Jones v. City of Boston* may have 'suggested' a compromise, the evidence in this case is more than adequate for a jury to find that the dismissal was based upon the plaintiffs' innocence.

At this point in the litigation, plaintiff are now prejudiced by the defendants, who, having failed to raise this question earlier, by motion to dismiss, by summary judgment or by other means, now seek to impose a new evidentiary hurdle, after the close of evidence. Accordingly, if the Court find any merit to the defendants' argument, the Court should allow the plaintiffs to reopen the evidence and recall Mr. Guilfoyle and Mr. Groob, and to call Attorney Thomas Wirtanen, who represented Mitchell Kennedy in the criminal case and filed the motions to dismiss that were pending at the time of the allowance of pre-trial diversion.

**II.  Defendants cite no basis for a directed verdict of Count VIII, alleging false arrest and false inprisonment**.

In section I of their Motion for Directed Verdict, defendants seek a directed verdict on both Count IX, alleging malicious prosecution, and Count VIII, alleging false arrest and false imprisonment. Yet their argument is based on two cases having nothing to do with false arrest or false imprisonment, but address only the malicious prosecution issue, *Wynne v. Rosen* and *Jones v. City of Boston*.

Neither of those cases suggests that a dismissal based on a pre-trial diversion is in any way a barrier to a false arrest claim. The element of a false arrest claim is lack of probable cause and there is ample evidence that defendants Moran and MacDonald lacked probable cause when they seized and arrested Mitchell Kennedy.

Nor does the reference to *Taylor v. Gregg*, 36 F3d 453 (5th Cir., 1994) provide any guidance. It addresses a malicious prosecution claim, under Texas law. While in Texas a finding of pre-trial diversion may be a bar to a subsequent malicious prosecution claim, that is

-4-

not the case under Massachusetts law, given the expansion of what constitutes a favorable adjudication in *Wynne v. Rosen*.

**III.  There is no "doctrine" that a pre-trial diversion is a bar to a subsequent civil rights claim**.

Defendants are again overreaching when they assert that a pre-trial diversion is a bar to a subsequent civil rights claim.  While the Fifth Circuit has so held, in *Taylor v. Gregg*, supra, other circuits hold to the contrary.  As the Tenth Circuit noted, in *Vasquez Arroyo v. Starks*, 589 F. 3d 1091 (10th Cir., 2009), in holding that *Heck v Humphrey* preclusion does not apply where a case is dismissed after a pre-trial diversion,

> Courts disagree as to whether the Heck bar applies to pre-trial programs similar to diversion agreements. Compare, e.g., *S.E. v. Grant County Bd. of Educ*., 544 F.3d 633, 639 (6th Cir.2008) (holding Heck inapplicable to pre-trial diversion agreements); and *Butts v. City of Bowling Green*, 374 F.Supp.2d 532, 537 (W.D.Ky.2005) (same), with *Gilles v. Davis*, 427 F.3d 197, 211-12 (3d Cir.2005) (holding that § 1983 claims of a plaintiff who had participated in pretrial probationary programs were barred by Heck). In our judgment, holding that the Heck bar applies to pre-trial diversions misses the mark.

Where Massachusetts tort law allows a plaintiff to pursue a malicious prosecution claim after a dismissal, upon a showing that the adjudication was based upon his innocence, the Fifth Circuit holding is of no more consequence than the Tenth Circuit or the Sixth Circuit, which take a contrary position.  Where the circuits are divided, there is certainly no "doctrine", as the defendants suggest.  Rather, the First Circuit, in *Jones v. City of Boston*, has looked to Massachusetts law, which, as noted above, supports the plaintiff.

**IV.  The evidence of two treating therapists is ample evidence that the defendants caused the plaintiff serious emotional distress**.

In claiming that "[t]here is no evidence that any defendant caused any plaintiff any emotional distress by conduct that was extreme and outrageous", the defendants have overlooked the testimony of the plaintiffs' therapists, Michael Ramseur and Joyce Hermann, both of whom

described ample harm to the plaintiffs – nightmares, flashbacks, bedwetting, inability to focus or function, loss of focus, anxiety, depression – from the terror they suffered as a result of the defendants' attacks upon them at Wendy's

The behavior of the defendants, as related by the plaintiffs and, more or less, by each of the eight civilian non-party witnesses is ample evidence of conduct that was extreme and outrageous and "beyond all bounds of decency and . . . utterly intolerable in a civilized community", *Sena v. Commonwealth*, 417 Mass. 250 (1994), especially when considering that the defendants are police officers whom we entrust with power and authority in order that they protect us, not so that they can attack young teenage boys because of grudges and hostility with the boys' parents.

The issue is how much of the emotional damage to these boys was caused by what the defendants did to the plaintiffs at Wendy's, and how much was caused by other acts of other Billerica Police Officers and by other circumstances in the plaintiffs' sad lives.  This is a question of fact for the jury to determine.

                                                Plaintiffs
                                                by their counsel,

Date:   August 7, 2013                            /s/ Andrew M. Fischer
                                                        Andrew M. Fischer
                                                        BB0# 167040
                                                        JASON & FISCHER
                                                        47 Winter Street
                                                        Boston, MA 02108
                                                        (617) 423-7904
                                                        afischer@jasonandfischer.com

## CERTIFICATE OF SERVICE

I, Andrew M. Fischer, hereby certify that a copy of this pleading was served upon the attorneys of record for each other party by filing through the CM/ECF system on August 7, 2013.

/s/ Andrew M. Fischer

Kennedy\Wendy's/oppmodirver