UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11457-GAO

DYLAN KENNEDY and MITCHELL KENNEDY,
Plaintiffs,

v.

TOWN OF BILLERICA, et al.,
Defendants.

OPINION AND ORDER
September 30, 2014

O'TOOLE, D.J.

Following trial, the jury returned a verdict in favor of one plaintiff on one claim against one defendant. The remaining claims were decided by the jury in favor of the defendants. As to the single successful claim by either plaintiff, Count IV, alleging a violation of 42 U.S.C. § 1983 by reason of an unlawful arrest, the jury found in favor of plaintiff Mitchell Kennedy and against defendant Robert Moran. The jury awarded Mitchell compensatory damages of $2,500. Plaintiff's counsel have moved for an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988. Moran, has moved for judgment as a matter of law on that count.[1] The defendants have also filed a motion for attorneys' fees.

## I. Discussion

After he was arrested in the incident on which his successful § 1983 claim was based, Mitchell Kennedy entered into a state court pre-trial diversion program. Conditions of the program included a probationary period, a requirement to stay out of the Town of Billerica, a

---

[1] Although the defendants jointly moved for judgment as a matter of law, the jury only found against Moran.

curfew, and meetings with a probation officer. Mitchell successfully completed the program and the charges against him were then dismissed. In his motion for the entry of judgment as a matter of law in his favor, the defendant argues that the diversionary disposition of the criminal charges bars Mitchell's § 1983 claim for unlawful arrest.

In Heck v. Humphrey, the Supreme Court held that a § 1983 action for malicious prosecution could not be maintained by a person convicted of an offense unless the underlying conviction or sentence had been previously invalidated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question be a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (footnote omitted) (emphasis in original). The Court was considering a claim for malicious prosecution, but it suggested that the rule might also be applied in an appropriate factual circumstance to a claim of unlawful arrest. See id. at 486 n.6; cf. Guerro v. Mulhearn, 498 F.2d 1249, 1254 (1st Cir. 1974) (noting that in a §1983 case a federal court must "stay its hand where disposition of the damage action would involve a ruling implying that a state conviction is or would be illegal"). The question presented by the defendant's motion is whether Mitchell Kennedy's pre-trial probationary disposition bars his § 1983 unlawful arrest claim for damages. While the criminal charges were ultimately dismissed, the dismissal, which followed the successful completion of a period of supervised probation, was not one that was "consistent with the innocence of the accused," a criterion generally required in order for a

disposition to be considered a "successful termination." See Britton v. Maloney, 196 F.3d 24, 31 (1st Cir. 1999).

The First Circuit has not ruled specifically on whether a state criminal defendant's acceptance of participation in a pre-trial diversion program bars a later § 1983 false arrest claim. The circuits that have addressed the issue are divided. Compare McClish v. Nugent, 483 F.3d 1231, 1250-51 (11th Cir. 2007) (participation in Florida's pretrial intervention program did not bar subsequent § 1983 claim for arrest without probable cause); S.E. v. Grant Cnty. Bd. of Educ., 544 F.3d 633, 639 (6th Cir. 2008) (placement in juvenile diversion program did not bar § 1983 claim); Vazquez Arroyo v. Starks, 589 F.3d 1091, 1095 (10th Cir. 2009) (Kansas diversion program was not a bar to § 1983 actions); with Roesch v. Otarola, 980 F.2d 850, 852-53 (2d Cir. 1992) (termination of criminal case pursuant to Connecticut's accelerated pretrial rehabilitation program did not constitute termination in favor of defendant, so as to permit defendant to maintain subsequent civil rights action); Miles v. City of Hartford, 445 Fed. Appx. 379 (2d Cir. 2011) (same); Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005) (Pennsylvania's Accelerated Rehabilitative Disposition program, which permitted expungement of criminal record upon successful completion of probationary term, was not favorable termination of his disorderly conduct charge, and his subsequent § 1983 was barred); DeLeon v. City of Corpus Christi, 488 F.3d 649, 656 (5th Cir. 2007) (deferred adjudication barred false arrest claim).

At least in the circumstances of this case, I am persuaded by the reasoning of the Second and Third Circuits that Mitchell Kennedy's acceptance of pretrial diversion on terms of probation did not imply that his arrest had been made without probable cause. A defendant agreeing to such a disposition avoids the possibility of a formal guilty finding but, even if he also

avoids the necessity of formally admitting that the facts of the case are sufficient to support such a finding, he also foregoes a formal finding that his arrest lacked probable cause.

The Third Circuit thought that Heck's policy against the possibility of two conflicting resolutions arising from the same underlying events applied in the pre-trial diversion context.

> [Plaintiff's] underlying disorderly conduct charge and his § 1983 First Amendment claim require answering the same question—whether [plaintiff's] behavior constituted protected activity or disorderly conduct. If [Accelerated Rehabilitation Disposition] does not constitute a favorable termination, success in the § 1983 claim would result in parallel litigation over whether [plaintiff's] activity constituted disorderly conduct and could result in a conflicting resolution arising from the same conduct.

Gilles, 427 F.3d at 209.

Similarly, the Second Circuit identified policy concerns with allowing a plaintiff to agree to a criminal diversion program and then file a § 1983 claim.

> If we permit a criminal defendant to maintain a section 1983 action after taking advantage of accelerated rehabilitation, the program, intended to give first-time offenders a second chance, would become less desirable for the State to retain and less desirable for the courts to use because the savings in resources from dismissing the criminal proceeding would be consumed in resolving the constitutional claims.

Roesch, 980 F.2d at 853.

The First Circuit has also expressed its interest in upholding plea bargaining and compromise in the § 1983 setting.

> Here [the plaintiff] pled nolo as part of a plea bargain with the prosecution . . . By pleading nolo, [he] agreed to a sentence of time already served as the punishment for the manslaughter conviction. While he did not admit to committing manslaughter, he did, by pleading nolo, agree that both his sentence and conviction were valid. . . . [P]ermitting a party who does not contest the court's authority to punish him to bring a subsequent proceeding in which he is able to claim that his punishment was improper would undermine the finality of plea bargains and jeopardize society's interest in a system of compromise resolution of criminal cases.

Olsen v. Correiro, 189 F.3d 52, 69 (1st Cir. 1999).

The circuits that have not found that pre-trial diversion bars a § 1983 false arrest claim have focused on the plaintiff's ineligibility to seek habeas relief. See S.E., 544 F.3d at 639. That reasoning does not apply here because the First Circuit has held that the Heck rule applies even if habeas relief is actually unavailable. See Figueroa v. Rivera, 147 F.3d 77, 80-81 (1st Cir. 1988).

Mitchell Kennedy's criminal case was resolved by a dismissal that included his acceptance of a period of probationary supervision as well as other limitations on his liberty. His acceptance of that disposition was inconsistent with his claim here that his arrest by Officer Moran lacked probable cause. For that reason, Moran is entitled to judgment in his favor on that claim as a matter of law.

## II. Other Motions

With the grant of the defendant's motion, neither of the plaintiffs is a prevailing party for purposes of an award of attorneys' fees. The plaintiffs' motion for attorneys' fees and costs is thus moot.

The defendants have also moved for an award of attorneys' fees and costs. "While decisions to grant defendants their fees are, and should be, rare, a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Tang v. State of R.I., Dept. of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998) (internal quotations omitted). Although the plaintiffs did not prevail, the suit was not frivolous or without foundation. Their claims were for the most part unsuccessful, but they were not unreasonable. The defendants' motion for fees and costs is therefore denied.

The plaintiffs' motion for sanctions is also denied.

### III. Conclusion

For the reasons stated herein, the defendant's Motion for Judgment as a Matter of Law (dkt. no. 120) is GRANTED; the plaintiffs' Motion for Attorneys' Fees and Costs (dkt. no. 121) is MOOT; the defendants' motion for Attorneys' Fees and Costs (dkt. no. 126) is DENIED; and the plaintiffs' Motion for Sanctions (dkt. no. 128) is DENIED.

Judgment shall enter for the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge